UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIVINITY DAVIS,

        Plaintiff,                        Case No. 2:24-cv-12916

v.                                     Honorable Susan K. DeClercq
                                           United States District Judge

PENSKE LOGISTICS, LLC., et al.

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 6) AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (ECF No. 1)

On November 4, 2024, plaintiff Divinity Davis filed a complaint against Penske Logistics and four Penske employees, alleging Defendants discriminated and retaliated against her for using paid sick leave. ECF No. 1. She also filed an application to proceed *in forma pauperis* but failed to provide enough information for the Court to evaluate her entitlement. Accordingly, the Court directed Plaintiff to correct the deficiencies in her application or pay the full $405 civil filing fee on or before January 22, 2025. ECF No. 5. Plaintiff submitted an updated application on December 20, 2024. ECF No. 6. Satisfied that Plaintiff is unable to pay the filing fees and costs, her application will be granted. However, as explained below, her Complaint will be dismissed without prejudice because this Court lacks subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff Divinity Davis was formerly employed by Penske Logistics, LLC. ECF No. 1, PageID.2. She alleges that in May 2024, she attempted to use a sick day but was told by her supervisor, Defendant Heather Elswick that "'we don't have sick days. You will get a(n) (attendance) point,' which is a form of disciplinary action." *Id*. Davis contested this decision up the supervisory chain, arguing that it was contrary to the company's leave policy in place for her position. *Id*. at PageID.2–9. Eventually, Davis resigned from Penske, but continued to communicate with Penske's Human Resources department regarding a "resolution." *Id*. at PageID.9–10. Davis further alleges that this leave policy has not been applied to the other defendants. *Id*.

## II. STANDARD OF REVIEW

Because Davis proceeds *in forma pauperis*, her claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). In addition to the § 1915(e)(2) screening process,

district courts "must dismiss" any action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D. Ohio Sept. 2, 2022) (noting that although 28 U.S.C. § 1915(e)(2) "does not expressly include reference to screening for subject matter jurisdiction," but its exclusion from § 1915(e)(2) is "largely irrelevant as a practical matter because federal courts have an ongoing duty to consider their subject matter jurisdiction and may raise the issue *sua sponte*." (cleaned up)).

When a plaintiff proceeds *pro se*, her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, there are limits to this lenient treatment, and "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

Davis's Complaint asserts the basis for jurisdiction is federal question. ECF No. 1 at PageID.2. She also states that Defendants' actions violate "plaintiff's federally secured constitutional rights" and that they have "created and maintained as hostile work environment." *Id*. at PageID.10. But she cites no federal statute, treatise, or provision of the U.S. Constitution upon which her claims are based. *See*

*id.* at PageID.4. Even assuming, based on her use of words such as "hostile work environment," that she intended to invoke federal employment laws, such as Title VII, 42 U.S.C. § 2000 *et seq.*, or the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, there is no allegation of any kind of discrimination based on a protected characteristic, such as sex, race, color, etc. She also doesn't allege at any point in her Complaint that she is disabled. Instead, even the most liberal reading of the Complaint is that Davis is simply challenging the interpretation and application of Penske's internal leave policy. Thus, there is no federal claim, so there is no federal-question jurisdiction. *See* 28 U.S.C. § 1331.

In sum, because it is evident from the face of the complaint that this Court lacks federal jurisdiction, Davis's Complaint, ECF No. 1, will be dismissed without prejudice for lack of subject-matter jurisdiction under Civil Rule 12(h)(3). *See Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D. Ohio Sept. 2, 2022) (dismissing complaint for lack of subject matter jurisdiction where plaintiff asserted both federal-question jurisdiction and diversity jurisdiction, but the substance of her complaint did not "bear out" facts to permit subject-matter jurisdiction under either avenue); *see also El Tribe v. Michigan Recon, Inc.*, No. 14-13754, 2014 WL 5667293, at *3 (E.D. Mich. Nov. 3, 2014) (explaining "[a] lack of subject matter jurisdiction can and should be raised by a court *sua sponte*" and warrants dismissal).

- 5 -

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma* Pauperis, ECF No. 6, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 11, 2025